The opinion of the court was delivered by
Funner, J.
On January 21, 1889, the plaintiff, Oadiére, brought suit against Gaidry on two notes, one for $2,100 the other for $500, and attached the property of defendant. This was followed by numerous other attachments at the suit of other creditors, and, .amongst them, one of Philip Thompson, the present intervenor and .appellant. Thompson, after having instituted his own attachment proceeding, intervened in this suit by a petition in which he averred, substantially, that Oadiére was not a creditor of defendant, that the notes sued on by him, which purported to have been executed in 1886, were not executed at that time, but were issued only a few days before the suit “withthe view of instituting said suit under a . scheme concocted between said Gaidry and said Oadiére to cover up the property of said Gaidry and to defraud his creditors.”
He prayed for judgment decreeing that Oadiére was not a creditor, that his claim was fraudulent and simulated, the result of a fraudulent conspiracy, that Cadiére’s attachment should be set aside and that intervenor’s attachment be ranked as the first privilege on the property.
These allegations were denied by Oadiére, and on these issues the case went to trial.
The judge a quo rejected the demand of the intervenor and maintained Cadiere's attachment.
We have critically examined the evidence.
Oadiére is the brother-in-law of Gaidry, and had been his employee prior to the suit. These are circumstances which have their weight in controversies of this nature; but they are not inconsistent with the honest relation of debtor and creditor, nor do they deprive the creditor of legal recourse for the enforcement of his debt. There is no other circumstance that we have been able to discover in the *171 evidence that throws the slightest suspicion upon the verity of Cadiére’s debt and the honesty of his proceeding. On the contrary, the evidence circumstantially explains the origin and nature of the debt and the motive of his proceeding, sustained not only by the testimony of the parties, but by collateral facts fully proved by other witnesses.
We need not detail this evidence; it is uncontradicted and fully satisfies us that intervenor’s charges are unfounded.
Intervenor’s counsel quotes Judge Manning’s epigrammatic expression that “simulation is sometimes difficult of detection, but dunderheads are sure to furnish the means for unveiling their awkwardly concocted schemes.” 86 An. 199.
We are convinced there is no simulation in this case, but if there be, the parties to it are certainly not dunderheads.
Judgment affirmed.